**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(NORTHERN DIVISION)**

| | |
|---|---|
| LUAYNE HELMS,<br><br>Plaintiff,<br><br>vs.<br><br>TORRID LLC,<br><br>Defendant. | Civil No.: |

**DEFENDANT TORRID LLC'S NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that TORRID, LLC ("Torrid" or "Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby gives notice of the removal of the action from the Circuit Court of Maryland for Baltimore City (the "State Court"), captioned *Helms v. Torrid, LLC*, Case Number C-24-CV-26-004796 (the "State Court Action") to the United States District Court for the District of Maryland, Northern Division.

## I. INTRODUCTION

1. This Action is properly removed to this Court pursuant to 28 U.S.C. § 1441 and this Court has jurisdiction under the Class Action Fairness Act ("CAFA"), codified in part at 28 U.S.C. §§ 1332(d) and 1453, because it is a proposed class action in which the putative class is alleged to include more than 100 members, diversity exists amongst the parties, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

2. As set forth below, jurisdiction within the District of Maryland is proper on the grounds herein described and the action is timely and properly removed upon the filing of this Notice.

3. On July 13, 2026, Plaintiff Luayne Helms ("Plaintiff"), individually and on behalf of all others similarly situated, filed the State Court Action. Plaintiff served the Summons and Complaint on Defendant on Torrid, by United States Postal Service, certified mail, restricted delivery. A true and correct copy of the Complaint, Summons, and additional documents that were served on Defendant are attached hereto as **Exhibit A**.

4. The Complaint, styled as a class action, purports to bring claims under Maryland's Commercial Electronic Mail Act ("MCEMA"), Md. Code Ann., Com. Law §§ 14-3001, *et seq*. Plaintiff's Complaint alleges that Defendant violated MCEMA by sending promotional emails with subject lines that falsely stated or implied that sales, discounts, or promotional offers were ending, expiring, in their final hours, or otherwise time-limited, when the same or materially similar offers were later extended, continued, reinstated, or materially replicated. (Compl. ¶¶ 2-3, 23, 25-26, 40-41, 54-55.)

5. The proposed class consists of "[a]ll Maryland residents to whom Torrid sent, within three years before the date of the filing of this complaint until the date of trial, an email with a subject line that states or implies that a particular promotion will end at a specific time, when the promotion will actually continue beyond the specified end time." (Compl. ¶ 59.) Plaintiff alleges that Defendant sent "numerous" commercial emails with "false or misleading information in their subject lines" and gives ten "representative, non-exhaustive sample[s]" of commercial emails that Plaintiff received from Torrid between May 26, 2025 through October 13, 2025. (*Id.* ¶ 54.)[1]

[1] Nothing in this Notice of Removal should be interpreted as a concession of any of Plaintiff's theories of liability, class allegations, damages, or the like – all of which Defendant expressly denies – or a waiver of any of Defendant's rights or defenses. Defendant reserves the right to supplement and amend this Notice of Removal.

## II. THE REQUIREMENTS FOR CAFA REMOVAL ARE SATISFIED

6. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. §§ 1332(d) and 1453. Under CAFA, a district court shall have original jurisdiction over any putative civil class action in which it is alleged: (1) there are at least 100 members in all proposed putative classes; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (3) "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2) & (5). *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant.").

7. This case is removable under 28 U.S.C. §§ 1441(a) and 1453(b) because it meets the requirements of CAFA. There is no presumption against the removal of cases under CAFA. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). A defendant's notice of removal under CAFA need only contain a short and plain statement of the grounds for removal. *Id.* at 83–87.

### A. The Number of Proposed Class Members Exceeds 100

8. The Complaint claims that the putative class "consists, at minimum, of 1,000 consumers and is thus so numerous that joinder of all members is clearly impracticable." (Compl. ¶ 61.) Thus, the putative class exceeds 100 members.

### B. The Amount in Controversy Exceeds $5,000,000

9. Under CAFA, the claims of individual class members are aggregated to determine whether the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(2), (d)(6); *see also Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 591 (2013).

10. Defendant denies Plaintiff's substantive allegations, the appropriateness of class treatment, and that Plaintiff is entitled to any of the relief sought in the Complaint, and Defendant does not waive any defense with respect to any of Plaintiff's claims. Nonetheless, the amount in controversy is determined by assuming judgment will issue in favor of a plaintiff on all claims made in their complaint. *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 196 (4th Cir. 2017) ("The key inquiry in determining whether the amount-in-controversy requirement is met is not what the plaintiff will actually recover but 'an estimate of the amount that will be put at issue in the course of the litigation.'") (internal citations omitted).

11. Further, CAFA's legislative history indicates that even if the Court "is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." Senate Report on the Class Action Fairness Act of 2005, S. Rep. 109-14, at 42 (2005); *see also Dart Cherokee*, 574 U.S. at 87 ("the amount-in-controversy allegation of a defendant seeking federal court adjudication should be accepted when not contested by the Plaintiffs or questioned by the court").

12. Plaintiff seeks to recover, among other things, statutory damages pursuant to MCEMA of $500 per violation for Plaintiff and members of the class, which Plaintiff claims means $500 per violative email, per recipient. (Compl. ¶ 88; Prayer for Relief.) Based on the allegations set forth in Plaintiff's Complaint, the amount in controversy requirement is more than satisfied. Indeed, there are "at a minimum" 1,000 class members who Torrid allegedly sent a violative email to during a three-year period before the filing of the Complaint. (Compl. ¶¶ 59, 61.) Plaintiff identifies at least ten emails as alleged "representative, non-exhaustive sample[s]" of "commercial emails bearing false or misleading deadline representations in their subject

lines[.]" (Compl. ¶ 54-58.) Thus, at a minimum, the amount of controversy is at least $50,000,000 (10 emails x $500 statutory damages/per alleged violative email x 10,000 class members).[2]

13. Notably, although Plaintiff caps her own individual claim for relief to statutory damages totaling $5,000, (Compl. ¶ Prayer for Relief (d)) and notwithstanding the broader proposed class allegations above, Count One of her Complaint states that damages under MCEMA include "an amount equal to the greater of $500 or the recipient's actual damages", (Compl. ¶ 88 (quoting MCEMA § 14-3003)). Because Plaintiff alleges that Torrid "induce[d] customers to purchase its products based on fear of missing a good deal and not a genuine desire to purchase the products" (Compl. ¶ 39), the actual amount spent on purchases by each class member *above* the statutory threshold further pushes the amount in controversy above the threshold requirement.

14. Plaintiff's request for attorney's fees under MCEMA § 14-3003, (Compl. ¶ Prayer for Relief (e)), pushes the amount in controversy even further above the $5,000,000 minimum. *See*, *e.g.*, *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 368 (4th Cir. 2013) ("Generally, attorney's fees are not included in the amount-in-controversy calculation, but courts have created two exceptions to this rule: (1) if the fees are provided for by contract; or (2) if a statute mandates or allows payment of attorney's fees.") (citations and quotations omitted). Even a 10% recovery of the minimum statutory damages would put an additional $500,000 in controversy.

[2] Notably, the class does not only include individuals who received the emails specifically identified in the Complaint, or emails from May 26, 2025 through October 13, 2025. Instead, it is broadly defined to cover any person in Maryland who received, "within three years before the date of the filing of this complaint until the date of trial," any "email with a subject line that states or implies that a particular promotion will end at a specified time, when the promotion will actually continue beyond the specified end time." (Compl. ¶ 59.) Plaintiff does not specify how many other emails she contends are at issue, but if the identified campaigns were a representative sample of emails sent during the alleged class period, then Plaintiff could be seeking hundreds of millions of dollars in statutory damages on behalf of her and the putative class.

**C. Minimal Diversity Exists**

15. Diversity exists for purposes of removal under CAFA where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). "[T]he term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D).

16. **Plaintiff's Citizenship**. The Complaint alleges that at all relevant times, Plaintiff was and is a citizen of Maryland domiciled in Baltimore City. (Compl. ¶ 51.) It also alleges that the putative class members are "[a]ll Maryland residents" who received Defendant's commercial electronic mail. (Compl. ¶ 59.)

17. **Defendant's Citizenship**. For purposes of removal under CAFA, the citizenship of a limited liability company is analyzed as an "unincorporated association" under 28 U.S.C. § 1332(d)(10). *Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 704 (4th Cir. 2010). CAFA states "[f]or purposes of this subsection and section 1453, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). For removal purposes under CAFA, Defendant is deemed to be a citizen of California because at all relevant times, Defendant is and was a limited liability company organized under the laws of the State of California with its principal place of business in City of Industry, California. (Compl. ¶ 11.)

18. There is diversity in accordance with 28 U.S.C. § 1332(d) because at all relevant times Defendant is and was a citizen of California, and is not and has not been a citizen of Maryland, and therefore at least one defendant is a citizen of a state different from at least one member of the putative class of plaintiffs. *See* 28 U.S.C. § 1332(d)(2)(A).

### D. No CAFA Exceptions Apply

19. This action does not fall within any of the exclusions to removal jurisdiction recognized by 28 U.S.C. § 1332(d), and Plaintiff bears the burden of proving otherwise. *See Bartels v. Saber Healthcare Grp., LLC*, 880 F.3d 668, 681 (4th Cir. 2018); *Carter v. Allstate Ins. Co.*, No. 5:12-CV-72, 2012 WL 3637239, at *6 (N.D. W. Va. Aug. 21, 2012) ("A plaintiff seeking remand pursuant to a CAFA exception must prove by a preponderance of the evidence that the particular exception applies.").

## III. ALL OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET

20. Venue in this Court is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place in which the State Court Action was pending, Baltimore City.

21. This Notice of Removal is timely because it was filed within thirty days of July 21, 2026, the date on which Defendant was served the Summons and Complaint. 28 U.S.C. § 1446(b).

22. Pursuant to 28 U.S.C. § 1446(a), and Local Rule 103.5 a copy of the Summons, Complaint, and all other documents served on Defendant are attached as Exhibit A. The State Court Action docket is attached hereto as **Exhibit B**.

23. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal and all documents in support thereof are concurrently being filed with the Clerk of the Circuit Court for Baltimore City. Written notice of the filing of this Notice of Removal is being served upon counsel for Plaintiff. A true and correct copy of the Notice to State Court of Notice of Filing Removal, without attachments, is attached hereto pas **Exhibit C**.

## IV. CONCLUSION

Defendant respectfully submits that the above case now pending in the Circuit Court for Baltimore City, Maryland be removed therefrom to this Honorable Court.

Dated: August 20, 2026

Respectfully submitted,

/s/______________________
Angela D. Pallozzi
Federal Bar No. 18065
BALLARD SPAHR LLP
111 South Calvert Street, 27th Floor
Baltimore, Maryland 21202
Tel.: (410) 528-5600
Fax: (410) 528-5650
pallozzia@ballardspahr.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of August, 2026, a copy of the foregoing Defendant's Notice of Removal was served via first-class mail, postage prepaid, upon the following:

Jeffrey C. Toppe
The Toppe Firm, LLC
4900 O'Hear Avenue
Suite 100
N. Charleston, SC 29405
jct@toppefirm.com

*Counsel for Plaintiff*

/s/ ____________________
Angela D. Pallozzi